HARRIS, Judge.
Donald and Amy Joynt (Joynt) seek cer-tiorari review of an order entered by the circuit court affirming an order entered by the Orange County Code Enforcement Board (Board) which found that Joynt violated a section of the county’s zoning code.
The Joynts are the owners of a business known as “Don’s Auto Recycling Company.” The Board found that they violated section 38-1004 of the Orange County Zoning Code, which reads as follows:
38-1004. General Requirements
Each 1-4 general industrial district shall be located on a major street as designated on the major street plan of the county, or shall have access to a major street by a public street without passing through or alongside any residential district. Each district shall contain a minimum of 100 acres. Provided, however, that as to any land zoned M-l at the time of the initial adoption of this chapter, such minimum land area requirement may be established by the planning and zoning commission in a lesser amount when re-designating the M-l classification (A 15).
The alleged violation was described as “ingress and egress through a residentially zoned area (the Crossroads Subdivision) to gain access to an industrial business”.
The Board conducted a hearing concerning the alleged violation at which Code Inspector Harland Bradley testified that Don’s Auto Recycling Company is directly abutted by a residential district to the west known as the Crossroads Subdivision and to the south by “Parcel 17,” which fronts on a major street named Overland Road and is now owned by the Disposal Corporation (Disposal). In 1965, the subject property was zoned 1-4 General Industrial, and in 1971 petitioners purchased it for their business. The Code Inspector testified that between the years 1929 and 1946 Florida Power “established” an easement on Parcel 17, and never restricted the usage of their easement. According to the Code Inspector, records reflect the easement has been used to gain access to the property north of Overland Road until the 1991 erection of the fence by Disposal. Disposal obtained a county permit to build a six foot high chain link fence across Parcel 17 which has a locked gate at the entrance to the right-of-way created by the easement. After the fence was constructed, some of the trucks and heavy equipment entering Don’s Auto Recycling started passing through Keystone Heights Drive, which is a residential street in the Crossroads Subdivision.
The Joynts urge that the problem in this case was created by the county issuing a permit to fence off the access to petitioners’ property through Parcel 17, thereby obstructing the right-of-way created by the easement. The Joynts have obtained a key to the gate and have continued access for their vehicles to haul scrap metal to a distribution point. However, customers who bring scrap metal to the yard are using the residential street to get to the Joynts’ property.
The Joynts claim that since the zoning preceded the ordinance, they are, in any event, grandfathered in. The county counters by claiming that the record is not clear as to which came first — the ordinance or the zoning. It does appear clear, however, that if the zoning came first, then grandfathering is the issue; if the ordinance came first, then it must be assumed that the county determined in 1965 that the property had the access required by the ordinance. The question then (if the ordinance came first) is whether the county, by permitting the fencing of such “legal access,” can deny the owner their very substantial investment in this industrial zoning without *570 compensation. Suppose in 1965 (the record is silent) the property had access to a major street by way of what is now known as Keystone Heights Drive before Crossroads Subdivision was developed. Could the county terminate the existing industrial zoning by merely rezoning its access road?
While a better resolution of the issue might be found in a declaratory action or inverse condemnation action, it is possible that the county could proceed through the Board if the issue was the unlawful operation of an industrial business in a nonindustrial zone.[1] We find that the Board and the circuit court applied the wrong law when it determined that the Joynts improperly allowed their customers to use the residential streets. Section 38-1004 does not, contrary to the reading by the Board and the circuit court, prohibit the use of residential streets to gain access to industrial property. It merely requires that industrial zoning have access through nonresidential districts. If, for example, the Joynts maintained legal access through Parcel 17, nothing in section 38-1004 would prohibit customers from also using Keystone Heights Drive.
The issue then is not whether customers were using residential streets (as focused on by both the Board and the circuit court) but whether the Joynts had legal access to a major street through a nonresidential district. This would depend on the nature of the easement, prescriptive rights, estoppel, etc. Issues not now before this court.
Because we find that the wrong law was applied by the circuit court, we grant cer-tiorari and quash the decision of the Code Enforcement Board.
W. SHARP, and COWART, JJ., concur.

. The question then would be if it isn’t zoned industrial (as the zoning map indicates) what is it zoned?